UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY E. STROWMATT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-758-JD-MGG |
| IAN CURTIS, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy E. Strowmatt, a prisoner without a lawyer, initiated this case in St. Joseph Circuit Court. The defendants removed the case to federal court. ECF 1. Strowmatt filed a motion to remand this case. ECF 12. He also filed two proposed amended complaints. ECF 12-2; ECF 14.  He was granted leave to amend his complaint, and the Clerk was directed to file the latter of the two proposed amended complaints. ECF 15; ECF 16. The court also ordered the defendants to provide a supplemental response to the motion to remand. ECF 16. Both the amended complaint (ECF 16) and the motion to remand (ECF 12) are before the court.

A case may be removed from state court to federal court if it is based on a statutorily permissible ground and it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446.  The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.  Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)

(citations omitted).  The party seeking removal must demonstrate that removal is proper.  *Boyd*, 366 at 529.  "[I]t is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006).

Defendants filed a timely notice of removal from state court based on federal question jurisdiction. ECF 1; ECF 3. For federal question jurisdiction to exist, the action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013); *see also Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Association,* 707 F.3d 883 (7th Cir. 2013). Here, the complaint pending in state court was captioned as follows: "Civil Rights Complaint [42 U.S.C. § 1983]." ECF 3 at 1. The body of the complaint indicated that Strowmatt was "alleging violations of his civil rights under 42 U.S.C. § 1983." *Id.* The basis for federal-question jurisdiction was apparent on the face of the complaint. Because the complaint asserted a federal claim, removal was proper. Accordingly, the motion to remand is not well-founded and will be denied.

As noted earlier, Strowmatt was granted leave to amend his complaint following removal. ECF 15; ECF 16. In the course of briefing the motion to remand, Strowmatt

2

has, at times, suggested that he is not raising federal claims in his amended complaint, and that the case should therefore be remanded. *See* ECF 24 at 1 (suggesting that the defendant's argument that Strowmatt does not limit his claims to Indiana law has no merit). While the determination of whether federal question jurisdiction exists is governed by the face of the complaint, not the subsequent briefing, even Strowmatt seems to concede in his reply brief that he continues to assert a claim pursuant to 42 U.S.C. § 1983 in his amended complaint. He writes:

> To preserve the complaint under Federal guidelines, Plaintiff specifically filed with this Court on November 15, 2019 his Amended Civil Rights Complaint under 42 U.S.C. § 1983 as authority for this Court's review.

ECF 24 at 1. The amended complaint (ECF 16) is still captioned as an "Amended Civil Rights Complaint [42 U.S.C. 1983]." The caption alone is not determinative of whether the complaint asserts a violation of the Constitution or laws of the United States. *See Warren ex rel Estate of Warren v. Murugappan*, No. 02-CV-4146-JPG, 2002 WL 31227087 (S.D. Ill. Aug. 29, 2002). However, the body of Strowmatt's complaint also references civil rights violations. ECF 16 at 4. Strowmatt states that the amended complaint contains no citation to a federal statute outside of the caption. ECF 24 at 2. But, the amended complaint also contains references to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d-5, d-2, et seq. ECF 16 at 4. Strowmatt correctly notes that the Indiana state courts have the power to resolve federal claims, but that is not in dispute – the issue is whether the complaint arises under the Constitution or laws of the United States, such that the defendants had the ability to remove this case to federal court and this court also has subject matter jurisdiction to adjudicate the case. In addition to being removed properly, Strowmatt has persisted in

asserting claims based on federal law in his amended complaint. Thus, this court has subject matter jurisdiction to adjudicate Strowmatt's claims.

Having determined that removal was proper and subject matter jurisdiction exists because claims based on federal law are asserted, the amended complaint must be screened. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Strowmatt has sued two defendants: Ian Curtis and Lincoln Therapeutic Partnership. He alleges that, as a condition of his parole, he was required to attend SOMM counseling with Ian Curtis at Lincoln Therapeutic Partnership. He attended counseling between May 2, 2017, and December 13, 2017, when he was returned to the New Castle Correctional Facility after admitting to Curtis that he had viewed pornography on his wife's phone, in violation of the rules governing his parole. Strowmatt alleges that, in the months following his incarceration, Curtis revealed confidential details divulged during his counseling sessions to another individual that Curtis was counseling, in violation of the confidentiality agreement, Indiana Code § 16-39-2-3, HIPAA, and his civil rights. ECF 14 at 4. He seeks monetary damages and an

4

order exempting him from future counseling with Lincoln Therapeutic Partnership or any employee thereof. *Id.* at 5.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Strowmatt's allegations do not satisfy these requirements. Strowmatt has not identified any confidential information that would be entitled to constitutional protection. To the extent that Curtis disclosed that Strowmatt violated his parole by watching pornography and that his parole was revoked because of it, that information is not constitutionally protected. Virtually all court filings are public records. *See Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); and *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

Even if the alleged disclosure at issue here were entitled to some constitutional protection, Strowmatt could only proceed against defendants acting under color of state law. Here, the only two defendants are Curtis, a private mental health counselor, and his employer. For a private party to be held liable under 42 U.S.C. § 1983, "the state must somehow be responsible for the allegedly unlawful actions taken by the party." *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017)(quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922,

5

937 (1982)). The Seventh Circuit Court of Appeals provided a summary of situations where private actors can become state actors.

> Private action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights; where the state compels the discriminatory action; when the state controls a nominally private entity; when it is entwined with its management or control; when the state delegates a public function to a private entity; or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

*Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 815 (7th Cir. 2009). Here, Strowmatt asserts only that he was required to attend counseling with Curtis as a condition of his parole. It cannot be plausibly inferred from these facts that either Curtis or Lincoln Therapeutic Partnership can be fairly deemed state actors.

The only other federal statute that Strowmatt points to is HIPAA, 42 U.S.C. §§ 1320d-5, d-6. It is unclear if Strowmatt intended to allege a separate claim pursuant to HIPAA, but any such claim could not proceed. "HIPPA confers no private right of action." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019).

Furthermore, Strowmatt has sued Lincoln Therapeutic Partnership, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Strowmatt's allegations against Lincoln Therapeutic Partnership are based only on the alleged disclosure that Curtis made, he cannot proceed against Lincoln Therapeutic.

Strowmatt also alleged violations of State law in the complaint. Because the factual assertions in the amended complaint do not give rise to a federal claim, the court finds it appropriate to relinquish jurisdiction and remand for the state court to consider in the first instance the viability of any state law claims Strowmatt may have. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

For these reasons, the court:

(1) DENIES Timothy E. Strowmatt's motion to remand;

(2) DISMISSES Timothy E. Strowmatt's federal claims WITH PREJUDICE; and

(3) REMANDS Timothy E. Strowmatt's State law claims to the St. Joseph Superior Court, Cause No. 71C01-1908-CT-0328, for further proceedings on the State law claims.

SO ORDERED on July 23, 2020

                                                    /s/JON E. DEGUILIO
                                                   CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT